UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN RIQUELME AND KAREN FAMIGLIETTI,

                                 Plaintiffs,                  **FIRST AMENDED**
            -against-                                **COMPLAINT**

THE CITY OF NEW YORK,                              12 CV 04711 (JW) (SMG)
POLICE OFFICER JOSEPH WAGNER (TAX 907539),
POLICE OFFICER NICHOLAS CORRADO (TAX 943105),    JURY TRIAL DEMANDED
POLICE OFFICER SHERLON CROMWELL (TAX 943116),
POLICE SERGEANT JOSEPH NICOTRA (TAX 924720),
POLICE OFFICER PAUL PALAZZO (TAX 946610),
CAPTAIN MARK GAUDIOSO (TAX926870),
POLICE CAPTAIN RICHARD DIBLASIO (TAX 892301),
and JOHN DOE,

                                 Defendants.
-------------------------------------------------------------------------X

Plaintiffs, STEVEN RIQUELME AND KAREN FAMIGLIETTI, by and through their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully show the Court and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs, STEVEN RIQUELME AND KAREN FAMIGLIETTI, seek relief for the defendants' violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed Notices of Claims with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claims, and adjustment or payment thereof has been neglected or refused.

7. That Plaintiffs, pursuant to General Municipal Law 50(h) were produced for statutory hearings. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8. Plaintiffs hereby demand a trial by jury of all issues in this action that are triable.

## PARTIES

9. Plaintiff, STEVEN RIQUELME, is an adult male and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York and the County of the Kings.

10. Plaintiff, KAREN FAMILGLIETTI, is an adult female and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York and the County of Kings.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

13. Defendants, POLICE OFFICER JOSEPH WAGNER, POLICE OFFICER NICHOLAS CORRADO, POLICE OFFICER SHERLON CROMWELL, POLICE SERGEANT JOSEPH NICOTRA, POLICE OFFICER PAUL PALAZZO, and POLICE CAPTAIN MARK GAUDIOSO, are and were at all times relevant herein, members of the New York City Police Department ("NYPD") as duly appointed and acting officers, servants, employees and

agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.

14. Police Officer Joseph Wagner (Tax 907539), Police Officer Nicholas Corrado (Tax 943105), Police Officer Sherlon Cromwell (Tax 943116), Police Officer Paul Palazzo (Tax 946610), Captain Mark Gaudioso (Tax926870), Police Captain Richard DiBlasio (Tax 892301), and John Doe are members of the NYPD assigned to a local area precinct believed to be the 68th Precinct. Police Sergeant Joseph Nicotra (Tax 924720) is a member of the NYPD assigned to Patrol Borough Staten Island.

15. Defendants POLICE OFFICER JOSEPH WAGNER, POLICE OFFICER NICHOLAS CORRADO, POLICE OFFICER SHERLON CROMWELL, POLICE SERGEANT JOSEPH NICOTRA, POLICE OFFICER PAUL PALAZZO, CAPTAIN MARK GAUDIOSO, POLICE CAPTAIN RICHARD DIBLASIO (TAX 892301), and JOHN DOE are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK.

16. Defendants POLICE OFFICER JOSEPH WAGNER, POLICE OFFICER NICHOLAS CORRADO, POLICE OFFICER SHERLON CROMWELL, POLICE SERGEANT JOSEPH NICOTRA, POLICE OFFICER PAUL PALAZZO, CAPTAIN MARK GAUDIOSO, POLICE CAPTAIN RICHARD DIBLASIO (TAX 892301), and JOHN DOE were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

17. Defendants POLICE OFFICER JOSEPH WAGNER, POLICE OFFICER NICHOLAS CORRADO, POLICE OFFICER SHERLON CROMWELL, POLICE SERGEANT JOSEPH NICOTRA, POLICE OFFICER PAUL PALAZZO, CAPTAIN MARK GAUDIOSO, POLICE CAPTAIN RICHARD DIBLASIO (TAX 892301), and JOHN DOE are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

18. At all relevant times herein, plaintiffs Stephen Riquelme and Karen Famiglietti resided together in an apartment located at 510 East 82nd Street, in Kings County, New York (the "premises").

19. On April 11, 2012 at approximately 3:30 am, plaintiffs were lawfully present and asleep inside the premises when Defendants POLICE OFFICER JOSEPH WAGNER, POLICE OFFICER NICHOLAS CORRADO, POLICE OFFICER SHERLON CROMWELL, POLICE SERGEANT JOSEPH NICOTRA, POLICE OFFICER PAUL PALAZZO, POLICE CAPTAIN RICHARD DIBLASIO (TAX 892301), and JOHN DOE kicked in or otherwise loudly and forcibly broke through the front door of the apartment.

20. Brandishing their guns, the defendants detained, and assaulted both of the plaintiffs.

21. Although there was no legal basis to detain or seize the plaintiffs, they were then arrested or otherwise detained by the defendants who then searched the premises.

22. The defendants were not invited into the premises, nor was their entry consented to by either of the plaintiffs, or any other individual authorized to so consent.

23. There were no exigent circumstances present that would permit the defendants to enter the premises absent a warrant or invitation.

24. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiffs asked.

25. If indeed a warrant had issued, it could only have been procured on false or otherwise misleading information as none of the residents of the apartment had engaged in any conduct that would have constituted probable cause for the issuance of a warrant to enter or search the premises.

26. The plaintiffs were not engaged in any suspicious or illegal conduct, and complied with defendants' requests at all times.

27. Although there was no legal basis for doing so, the defendants searched plaintiffs' persons and apartment.

28. The search yielded no evidence of gun, drugs, or contraband.

29. Despite the absence of any evidence of wrongdoing in the part of plaintiffs, the defendants continued to assault the plaintiffs and search their home.

30. The plaintiffs were never charged pursuant to the illegal entry, search, and arrest. Rather, the defendants assaulted both plaintiffs and then left the premises without explanation.

31. The plaintiffs called Emergency Medical Services ("EMS") who arrived and transported plaintiffs by ambulance to a local area hospital known as Lutheran Medical Center

immediately following the incident to obtain treatment for the injuries they sustained as a result of the defendants' illegal conduct.

32. At least some of the defendants who initially entered the premises returned to the premises when plaintiffs were at the hospital, and conducted a further illegal search.

33. At the hospital, defendant Gaudioso and John Doe, arrived and threatened plaintiffs.

34. At the hospital, these defendants instructed hospital staff and personnel to prevent the plaintiffs from leaving, and ordered unnecessary medical tests to be conducted on plaintiff Karen Riquelme against her will.

35. Plaintiffs were eventually permitted to leave the hospital, and were given no explanation for the unlawful detainment.

36. It was objectively unreasonable for the defendants to detain or use any level of force against the plaintiffs, as there was no evidence that they had engaged in any unlawful conduct.

37. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise sufficient legal cause to arrest, detain, or otherwise seize plaintiffs, nor could the defendants have reasonably believed that such cause existed.

38. At no time did there exist any basis to use any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

39. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiffs were engaged in any unlawful or suspicious activity.

40. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiffs.

41. The individual defendants, including the Doe defendant, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

42. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE INDIVUDAL DEFENDANTS

43. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of STEVEN RIQUELME AND KAREN FAMIGLIETTI and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, the individual defendants, individually and collectively, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiffs to be unlawfully subjected to excessive and unreasonable force and false arrest, and caused injury and damage in violation of the plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

45. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

46. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiffs' rights.

49. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial

risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiffs, in violation of plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

50. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

51. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

52. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrests.

53. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

54. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

11

    e.  *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.  *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.  *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.  *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.  *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.  *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

55. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

56. As a direct result of defendants' actions, plaintiffs suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiffs, STEVEN RIQUELME AND KAREN FAMIGLIETTI by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

57. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE, FALSE ARREST, FALSE IMPRISONMENT PURSUANT TO STATE LAW

58. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

60. On April 11, 2012 at the aforementioned location, Plaintiffs, STEVEN RIQUELME AND KAREN FAMIGLIETTI were detained and held under the imprisonment and control of the defendants under false pretenses.

61. That on or about April 11, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiffs, STEVEN RIQUELME AND KAREN FAMIGLIETTI, without warrant, authority of law or probable cause therefore.

62. That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI against their will and without their consent; unlawfully and intentionally detaining and confining Plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiffs through the unlawful arrest of Plaintiffs; unlawfully detaining and confining Plaintiffs through the use of force; unlawfully arresting Plaintiffs and placing Plaintiffs in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiffs.

63. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

64. That Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI were conscious of the confinement.

65. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

66. By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiffs to be falsely arrested and/or falsely imprisoned

plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

67. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

68. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

70. That by reason of the battery, the plaintiffs were harmed physically while unlawfully detained, and that the plaintiffs were otherwise harmed as a result of the defendants' actions.

71. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS' RIGHT UNDER
### NEW YORK STATE LAW
### <u>VIA ASSAULT</u>

72. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

73. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York Law.

74. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

75. That by reason of the aforesaid committed by the defendants, plaintiffs suffered and continue to suffer physical injury and that they were otherwise damaged.

76. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

77. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

78. Defendants negligently caused injuries, emotional distress and damage to the plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

80. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

83. Plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. Defendants negligently caused emotional distress and damage to the plaintiffs STEVEN RIQUELME AND KAREN FAMIGLIETTI. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

86. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empanelling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorneys' fees;

   e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       March 22, 2013

                                                Respectfully submitted,

                                                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                                                *Counsel for the Plaintiffs*

                                                      /s/
                        By:    JESSICA MASSIMI (JM-2920)
                                80 Maiden Lane, 12th Floor
                                New York, New York 10038
                                (212) 962-1020
                                File No.: 18898